## GEORGE PORTER HOUSTON *v.* ROBERT V. O. SWARTWOUT ET AL.

[No. 10, October Term, 1931.]

*Decided November 20th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, and SLOAN, JJ.

*Chester F. Morrow*, with whom were *Theodore R. Dank-meyer* and *Niles, Barton, Morrow & Yost* on the brief, for the appellant.

*Thomas A. Tingley* and *Eugene A. Edgett*, with whom were *Herbert R. O'Conor* and *Miles, Tingley, Edgett & Miles* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The issue of fact involved in this suit in equity was considered, with respect to the legal sufficiency of the evidence, on appeal from a judgment for the defendants in an action at law between the same parties. *Houston v. Monumental Radio, Inc.*, 158 Md. 292, 148 A. 536. The judgment in that case was entered on a directed verdict, and was reversed on appeal in consequence of this court's conclusion that there was evidence having a legally sufficient tendency to support in part the alleged right of action. It was the purpose of the suit at law to recover additional compensation for services rendered by the plaintiff, as a radio engineer, at broadcasting station WCAO, controlled by the defendants; the theory of the claim being that salary less than the worth of his services was accepted by the plaintiff under the belief, permitted by the defendants, that he would later share, as a partner, in the profits of the enterprise. The retrial of the case, after the remand for that purpose, resulted in a verdict and judgment for $500 in favor of the plaintiff, and the liability thus determined has been satisfied. The object of the present suit is to obtain an accounting as to the profits of the radio business in which the plaintiff's service was performed, and to require the transfer to him of one-half of 600 shares of stock of Monumental Radio, Inc., received from the corporation by the personal defendant, Robert V. O. Swartwout, for station WCAO, which had been operated for a prior owner under an alleged partnership between Swartwout and the plaintiff. Defenses of former adjudication, laches, and limitations were interposed in the pending suit, but the primary defense was that the partnership averred in

the bill of complaint did not in fact exist.. The court below decided in favor of the defendants on that issue, and from the resulting decree the plaintiff has appealed.

The evidence produced by the plaintiff in the former case was substantially the same as that which appears on his behalf in the present record. It was fully reviewed in the opinion delivered by Judge Offutt on the other appeal, and will, therefore, not now be again discussed in detail. There were two periods to which the testimony referred, the first, from October, 1925, to August, 1926, when the plaintiff and Swartwout were engaged in operating station WCAO three nights weekly at the Metropolitan Club, both being employed during the day in the radio department of the H. C. Roberts Electric Supply Company, and the second period, beginning about August 1, 1926, after Swartwout had acquired the station and transferred it to Monumental Radio, Inc., and ending in February, 1928, when the plaintiff's relations with the defendants were severed. The arrangement for the operation of station WCAO at the Metropolitan Club was made with Swartwout by Edward A. Strauff, the club's president, by whom the station was then owned. It was agreed between them that the owner should receive twenty per cent. of the gross profits from the operation. The plaintiff testified in effect that he accepted an invitation by Swartwout to go into the venture with him and share in the operators' eighty per cent. of the profits. There is undisputed evidence in this case that there were no profits, but the station was operated at a loss, prior to its transfer to Monumental Radio, Inc. During that period the plaintiff was paid sums aggregating $169, which Swartwout testified he provided out of his own funds. Shortly before the station was transferred to the defendant corporation, it was purchased by Swartwout from the Metropolitan Club, which had acquired it from Strauff. According to the terms of Swartwout's purchase, he personally assumed debts of the club amounting to $4,000, contracted on account of the station, and gave the club a bill of sale for $1,500 covering the station equipment. After its acquisition by Monumental Radio, Inc., the plaintiff gave

up his position with the Roberts Electric Supply Company and served at station WCAO on full time as its radio engineer at an initial salary of $30 per week, which had been gradually increased to $50 per week before his service in that capacity ended. Some time in August, 1926, he was handed by Swartwout a certificate for one share of stock of Monumental Radio, Inc. Referring to that occasion, the plaintiff testified: "I was standing in the operating room one day and Mr. Swartwout came into the operating room and he had some stock—two stock certificates in his hand and he gave one to Mr. Atkinson and he gave one to me and he said, "This is a picture of our stock, how do you like it; it's pretty, isn't it,' and I said 'yes,' and he said, 'I am giving you this certificate.' He said, 'It certainly has been a splendid way you worked with me,' and I looked at him very questioningly, but he continued, and he said, 'That isn't all, as soon as the thing is straightened out I will give you the rest of it.'" It is denied by Swartwout that he made such a statement, and the testimony of Atkinson is corroborative of the denial. Swartwout testified that the first time he heard the plaintiff make any claim of "ownership or partnership" was when his connection with the station terminated in February, 1928. The severance of that relation was attributed by the plaintiff to the rejection of his claim to share as a partner in the stock which Swartwout had received from the corporation. On the other hand, Swartwout said that the immediate cause of the plaintiff's dismissal was neglect of duty. In reference to the original understanding between himself and the plaintiff, it was testified by Swartwout: "I presented the proposition" as "an opportunity to get ahead and put in a few spare hours in the evening after our working hours at Roberts," and "if anything could be made out of it" the plaintiff "would have an opportunity to get some of it."

The plaintiff's action at law was conducted upon the theory that he had no partnership or profit-sharing agreement with either of the defendants sufficiently definite to be enforced. Proof of a partnership would have defeated his suit at law

against the other partner. It was argued for the defendants in that action, on appeal, that the plaintiff's testimony prevented the maintenance of the action because, if true, it proved a partnership between the plaintiff and one of the defendants. This contention was sustained. In the opinion then delivered it was said: "From the evidence in this case it may be inferred that Swartwout and Houston formed a partnership at will to take over and operate a radio station, * * * and that the services rendered by Houston prior to the incorporation of the Monumental Radio, Inc., were rendered to the partnership, and that he had no intention of charging Swartwout with them. Under such circumstances, if Swartwout failed to account to him for the partnership profits, his remedy lay in a court of equity. *Rowley on Partnership,* sec. 743. For manifestly he could not recover from Swartwout for services which he as a partner rendered to the partnership. 47 *C. J.* 802, 806, 812." But that objection was held inapplicable to the plaintiff's claim on account of services rendered after the purchase of the station by Monumental Radio, Inc., because the partnership, which the plaintiff's evidence tended to prove, "ceased to be an active functioning organization," when "all of its assets were transferred to the corporation, and the purpose for which it was formed came to an end." *Houston v. Monumental Radio, Inc.,* 158 Md. 304, 305, 148 A. 536, 542.

As the case is presented by the record on this appeal, the testimony of the plaintiff as to the existence of a partnership, during either of the periods mentioned, is definitely contradicted by the other party to the alleged understanding. The lower court concluded, upon consideration of all the evidence, that there was no partnership between them at any time. Its opinion emphasized the plaintiff's failure to exercise any of the ordinary rights or functions of a partner while he was serving as a radio engineer at the WCAO station. That fact is apparent from the evidence now before us, and tends to support the denial of a partnership agreement. No financial responsibility was assumed by the plaintiff on account of the station project. The compensation received

by him during the period of its operation for the Metropolitan Club and its president was not paid out of profits, but increased the amount of the losses which Swartwout exclusively incurred. It appears from the plaintiff's testimony that he had contemporaneous knowledge that Swartwout had purchased the station, transferred it to the corporation which he organized, and obtained capital for the business by the sale of a portion of the corporate stock. Thereafter the plaintiff continued for a year and a half to serve as a salaried employee of the company, without any effort to participate in the management of its affairs upon the theory, now asserted, that he was equitably and equally interested in the ownership of a controlling part of its stock which had been issued to one with whom he claims to have been a partner. Having sued for and recovered additional compensation for his services on the ground that he had been refused recognition as a partner, it is proposed by this suit in equity that he also be accorded the right of a co-owner of the stock held by the personal defendant against whom the judgment at law was rendered.

Upon the issue in this case, which is distinctively one of fact, we see no adequate ground for a reversal of the decree under review. The burden was on the plaintiff to prove the partnership upon which his asserted right to equitable relief is based. In our judgment, it has not been proved by a preponderance of the evidence. The decision as to that question renders unnecessary an expression of our views upon the other defenses.

*Decree affirmed, with costs.*